**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOHN D. ROBERTS,** ) | **CASE NO. 1:19 CV 1214** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **v.** ) | |
| ) | **OPINION AND ORDER** |
| **C.O. SCOTT,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff's *pro se* Motion for Relief from Judgment under Federal Civil Procedure Rule 60(b) (ECF No. 6) is before the Court. For the reasons stated below, the Motion is denied.

Plaintiff filed his Complaint alleging two Grafton Correctional Institution ("GCI") Corrections Officers and two Ohio Department of Rehabilitation and Correction ("ODRC") employees have not assisted in removing a gang Security Threat Group ("STG") label from his prison file, resulting in a continued denial of parole. He asserted claims for denial of due process and Eighth Amendment violations. On October 9, 2019, this Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and dismissed this action because Plaintiff did not have a protected liberty interest in having his gang affiliation label removed or in release on parole and the Defedants' actions did not rise to the level of an Eighth Amendment violation.

Plaintiff has now filed a Motion for Relief from Judgment under Rule 60(b)(6). (ECF No. 6). In his Motion, he contends that the Court could not grant his Application to Proceed *In*

*Forma Pauperis* (and collect partial payments required of prisoners) and dismiss his action. He then asserts that the Court incorrectly stated that he provided evidence to prison officials of his membership in the Aryan Nation Church in order to avoid racially integrated cell assignments. He contends he provided evidence of an affiliation, not membership. He attempts to distinguish *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) from his case in an attempt to argue that he does have a protected liberty interest in avoid the STG designation. He contends Harbin-Bey was a Michigan prisoner and the prison regulations for assigning an STG label in Michigan are different than the procedures in Ohio. He alleges Ohio prison authorities did not follow their own regulations before giving him that label.

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial

-2-

Complaint. *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004)(*overruled* on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff relies on the catchall provision, (b)(6),allowing the Court to grant relief from judgment based on any other reason justifying relief. Relief from judgment under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances. *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted).

Plaintiff has not demonstrated an exceptional and extraordinary circumstance justifying relief from judgment. First, the statutory requirements for prisoners to pay the filing fee in installments is separate and unrelated to any analysis of the merits of the case. Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by Affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of

the proceeding or over a period of time under an installment plan. *Id*. Granting pauper status under this statute and collecting the filing fee in accordance with the statute does not restrict the Court from screening the case and addressing it on its merits.

Second, Plaintiff's distinction between membership and affiliation, while perhaps significant for the individuals who are involved with the Aryan Nation Church, are not significant for the Court's legal determination. The inquiry for a due process analysis is whether Plaintiff was deprived a protected liberty or property interest without being provided with notice and an opportunity to be heard. The key first step in that analysis is to identify a protected liberty interest. If no protected liberty interest was at stake, no due process violation occurred even if the state prison did not follow all of its procedures. "[S]uch a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993), citing *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Designation as member of an STG does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life and does not give rise to a protected liberty interest. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). Similarly, prisoners have no protected liberty interest in being released on parole. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Therefore, Plaintiff was not denied due process regardless of whether his provision of evidence of his affiliation with the Aryan Nation Church was sufficient, without a hearing, to impose the STG label, or whether that label negatively impacts his chances for release on parole. The Court's use of the term membership instead of affiliation does not alter that legal determination.

Third, Plaintiff's attempt to distinguish *Harbin-Bey v. Rutter* on the basis of the

differing procedures in Michigan and Ohio is unavailing. The Court found there was no protected liberty in avoiding an STG designation. Again, without a protected liberty interest, the Court need not address the adequacy of the process provided prior to the deprivation.

Accordingly, Plaintiff's Motion for Relief from Judgment (ECF No. 6) is denied.

IT IS SO ORDERED.


Date: September 22, 2020        s/Christopher A. Boyko
                                CHRISTOPHER A. BOYKO
                                SENIOR UNITED STATES DISTRICT JUDGE